SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
ABRAHAM A. SIMMONS (SBN 146400)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, California 94102-3495
    Telephone:  (415) 436-7264
    Facsimile:   (415) 436-6748
    Email:       abraham.simmons@usdoj.gov

Of Counsel

DONALD C. PHILIPS (SBN 129726)
United States Department of Veterans Affairs

Attorneys for Defendant R. James Nicholson,
Secretary of the United States Department of
Veterans Affairs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| ARROLENE C. BURRELL, | ) | No. C 07-4893 JSW |
|                Plaintiff, | ) ) | DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK |
|     v. | ) ) | OF VENUE OR, IN THE ALTERNATIVE, FOR CHANGE OF VENUE TO THE |
| R. JAMES NICHOLSON, Secretary of the Department of Veteran Affairs, | ) ) ) | EASTERN DISTRICT OF CALIFORNIA; MEMORANDUM OF POINTS AND AUTHORITIES |
|                Defendant. | ) ) | FRCP 12 (b)(3), 28 U.S.C. §§ 1404, 1406 |

Date:     February 8, 2007
Time:    9:00 a.m.
Ctrm:    2, 17th Floor
Before:  Hon. Jeffery S. White

# TABLE OF CONTENTS

Table of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii - iv

Notice of Motion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Memorandum of Points and Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    I.    INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    II.    FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    III.    ANALYSIS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        A.    This Court Should Dismiss The Complaint On the Ground That It Was Filed In the Wrong Judicial District . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

            1.    The Legal Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

            2.    Plaintiff Cannot Show That Venue In The Northern District Of California Is Proper . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

            3.    Dismissal, and not transfer, is appropriate under 28 U.S.C. § 1406(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        B.    Even If This Court Finds Plaintiff Could Have Brought This Case In The Northern District, This Court Still Should Transfer This Case To The Eastern District Of California For The Convenience Of The Parties And The Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

            1.    The Legal Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

            2.    Transfer To The Eastern District Of California (If Venue In The Northern District Is Otherwise Proper) Is Both Permitted And Warranted For The Convenience Of The Parties . . . . . . . . . . . . . 10

    IV.    CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Defendant's Motion to Dismiss or For Order
Changing Venue To the Eastern District of CA
C 07-4893 JSW                                                                 i

## TABLE OF AUTHORITIES

**FEDERAL CASES** **PAGE**

*AMP Incorporated v. Burndy of Midwest, Inc.*,
   340 F. Supp. 21 (N.D. Ill. 1971). .................................................................................. 11, 12

*Argueta v. Banco Mexicano*,
   87 F.3d 320 (9th Cir.1996). ................................................................................................. 6

*Brown v. General Services Administration*,
   425 U.S. 820 (1976). ........................................................................................................... 2

*Decker Coal Co. v. Commonwealth Edison Co.*,
   805 F.2d 834 (9th Cir.1986). ............................................................................................... 9

*E. I. DuPont de Nemours v. Diamond Shamrock Corp.*,
   522 F. Supp. 588 (D.Del. 1981). ....................................................................................... 10

*Ellis v. Costco Wholesale Corp.*,
   372 F. Supp. 2d 530 (N.D.Cal. 2005). .............................................................................. 10

*Ford v. Valmac Industries, Inc.*,
   494 F.2d 330 (10th Cir.1974). ............................................................................................. 6

*Gulf Oil Co. v. Gilbert*,
   330 U.S. 501 (1947). ........................................................................................................... 9

*Harrison v. International Association of Machinists and Aerospace Workers*,
   807 F. Supp. 1513 (D.Or.1992). ....................................................................................... 10

*Hatch v. Reliance Insurance Co.*,
   758 F.2d 409 (9th Cir.1985). ............................................................................................... 9

*In re Horseshoe Entertainment*,
   337 F.3d 429 (5th Cir.2003). ............................................................................................ 10

*Johnson v. Payless Drug Stores Northwest, Inc.*,
   950 F.2d 586 (9th Cir.1991). ............................................................................................... 7

*Leroy v. Great Western United Corp*,
   443 U.S. 173 (1979). ........................................................................................................... 6

## TABLE OF AUTHORITIES CONT'D

**FEDERAL CASES**                                                                                           **PAGE**

*Pacific Car and Foundry Co. v. Pence*,
    403 F.2d 949 (9th Cir.1968). ............................................................................................... 10

*Passantino v. Johnson & Johnson Consumer Products, Inc.*,
    212 F.3d 493 (9th Cir. 2000). ........................................................................................... 6, 7

*Piedmont Label Co. v. Sun Garden Packing Co.*,
    598 F.2d 491 (9th Cir.1979). ................................................................................................ 5

*Pierce v. Shorty Small's of Branson, Inc.*,
    137 F.3d 1190 (10th Cir.1998). ............................................................................................ 9

*Ross v. Buckeye Cellulose Corp.*,
    980 F.2d 648 (11th Cir. 1993). ....................................................................................... 7, 10

*S. C. Johnson & Son v. Gillette Co.*,
    571 F. Supp. 1185 (N.D. Ill. 1983). ............................................................................... 11, 12

*Stebbins v. State Farm Mutual Automobile Insurance Co.*,
    413 F.2d 1100 (D.C.Cir.1969). ............................................................................................ 6

*Van Dusen v. Barrack*,
    376 U.S. 612, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964). .................................................... 5, 10


**UNPUBLISHED CASES**

*Alander v. State Department Of Corrections*,
    1995 WL 44604 (N.D.Cal. 1995). ........................................................................................ 7

*Caffman-Whitehead v. Dalton L*,
    1999 WL 129518 (N.D.Cal. 1999). ................................................................................... 6, 7

*Caviness v. England*,
    2007 WL 1302522 (E.D.Cal. 2007). ..................................................................................... 7

## UNPUBLISHED CASES CONT'D

*Dean v. Handysoft Corp.*,
    2005 WL 362662 (E.D.Pa. 2005). ................................................................................ 10

*Marron v. Rumsfeld*,
    2004 WL 1376522. ........................................................................................................ 7

*Thomas v. Antelope Valley Union High School District*,
    2007 WL 2317847(N.D.Cal. 2007). .............................................................................. 7

*United States v. Trucking Management Inc., et al.*,
    1979 WL 278 (D.D.C. 1979). ........................................................................................ 7

## FEDERAL STATUTES

42 U.S.C.A. § 2000e-5(f)(3). ................................................................................................. 6

28 U.S.C. § 1404(a). .................................................................................................. 1, 2, 5, 9

28 U.S.C. § 1406(a). ............................................................................................................ 5, 8

Civil Rights Act of 1964, 42 U.S.C. § 2000e-16 *et seq*. ..................................................... 2, 6

Fed.R.Civ.P. 12(b)(3). ............................................................................................................. 5

Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq. ............................................... 2

# NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on Friday, February 8, 2007, at 9:00a.m., in the Courtroom of the Honorable Jeffrey S. White, United States District Judge, Courtroom 2, 17th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California, Defendant R. James Nicholson, represented by the United States Attorney for the Northern District of California, through Abraham A. Simmons, Assistant United States Attorney, will move the Court for an order dismissing this case because it was filed in the wrong judicial district. Alternatively, defendant will move the Court for an order transferring venue in this case to the Eastern District of California under 28 U.S.C. § 1404(a) for the convenience of the parties and the witnesses and in the interests of justice. The motion will be based on this motion, the evidence submitted therewith, the arguments of the parties, and such other matters as may be presented to or considered by the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

This is an employment discrimination case brought pursuant to Title VII of the Civil Rights Act of 1964. In this case, plaintiff is a resident of Clovis, California and a former employee of the United States Department of Veterans Affairs in the Central California Healthcare System ("CCHCS") located in Fresno, California. She alleges that when she was working in Fresno, her supervisor who also is a resident of Fresno, California working in Fresno did not select her for a promotion and/or other position. The position plaintiff sought was in Fresno. Plaintiff further claims that she was demoted to other jobs in Fresno, that she encountered a hostile work environment in Fresno and that she ultimately was forced to retire from her Fresno, California employment. Plaintiff alleges that each of these events occurred as a result either of illegal race/color discrimination in violation of Title VII or in violation of the of the anti-retaliation provisions applying to Title VII claims.

This Court should dismiss the pending complaint without prejudice so that plaintiff can refile it in the appropriate judicial district– the Eastern District of California. The special venue

Defendant's Motion to Dismiss or For Order
Changing Venue To the Eastern District of CA
C 07-4893 JSW                                      1

provisions applicable to cases filed pursuant to Title VII require dismisal of cases improperly filed in the wrong judicial district unless dismissal is against the interests of justice. Here, the Eastern District is the only appropriate venue for this case because that is where the alleged discriminatory and retaliatory acts occurred, that is where plaintiff was employed, that is where the job she sought was located, and that is where the employment records related to the alleged wrongful acts are maintained. 42 U.S.C. section 2000e-5(f)(3).  In this case, there is no compelling reason the case should not be dismissed.

In the alternative, this Court should transfer this case to the Eastern District of California for the convenience of the parties and the witnesses and in the interests of justice. *See* 28 U.S.C. § 1404(a). All the witnesses in this case reside in the Eastern District of California.  Plaintiff and all the alleged discriminating officials worked or continue to work in Fresno, California.  Access to evidence, the interest of the judicial district and virtually all the additional factors to be considered favor transfer of this case if it is not dismissed.  Accordingly, defendant respectfully requests that if this Court concludes venue in the Northern District of California otherwise is proper, that the case nevertheless be transferred to the Eastern District of California.

## II.  FACTS

Plaintiff is Arrolene C. Burrell. *See* Complaint - Employment Discrimination Based On Race/Color and Reprisal ("Complaint") at ¶ 1.  Since 1991, plaintiff has been a resident of Clovis in Fresno County California.  *See*, Complaint at ¶ 14 ("In 1991, BURRELL was laterally transferred to the Fresno VA . . ..");  Declaration of Daphine T. Cuyler ("Cuyler Decl.") at ¶¶ 2-3. On September 20, 2007, plaintiff filed the pending complaint alleging violations of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16 *et seq*.  Complaint at 1, ¶ 2.[1]  Defendant is informed and believes that as of the filing of this complaint, plaintiff still was a resident of Clovis.  *See* Cuyler Decl. at  ¶ 3.

---

[1]   Plaintiff also purports to bring this action under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.  Nevertheless, Title VII is the exclusive remedy for claims of employment discrimination by federal employees. *Brown v. General Services Administration,* 425 U.S. 820 (1976).

Defendant's Motion to Dismiss or For Order
Changing Venue To the Eastern District of CA
C 07-4893 JSW                                          2

1  Generally, the complaint alleges the discrimination began in 2004. *See* Complaint at 6. Plaintiff alleges without explanation that "[m]any of the unlawful practices alleged in this complaint occurred in the County of San Francisco, which is situated in the Northern District of California." Complaint at ¶ 3. A review of the facts underlying the allegations in the complaint demonstrates otherwise.

All personnel activity related to plaintiff's VA employment from 1991 to 2005 that is detailed in her Official Personnel File ("OPF") occurred at the VA Medical Center in Fresno, California. Cuyler Decl. at ¶ 3. The OPF contains no record of any personnel decision related to her VA employment that was made or would have been performed in the County of San Francisco. Cuyler Decl. at ¶ 3.

In 2001, plaintiff was employed in the Fresno office of the Department of Veteran's Affairs. Cuyler Decl. at ¶ 3. Her supervisor was Alan S. Perry. Complaint at ¶ 18. Plaintiff alleges that from 2004 until the time of her retirement in October of 2005 she encountered numerous acts of discrimination and retaliation. *See* Complaint at 19-38. Plaintiff sums up the allegations for which she seeks relief in paragraphs 45, 47 and 51 of the Complaint. Specifically, plaintiff alleges she was treated differently from non African-American/Black employees when (1) she was removed from her position of Chief of Social Work, (2) she was not selected for the position of Chief of Social Work, (3) she was given a down-grade in her performance evaluation, (4) she was placed on a performance improvement plan, (5) she was denied a within grade increase, (6) she was denied medical leave and vacation pay that she already had accrued, (7) she suffered a hostile work environment, and (8) the Department of Veterans Affairs threatened to deduct funds from her retirement pay. Complaint at ¶¶ 45, 47, 51. Each of these events is described in various paragraphs of the Complaint.

With respect to her "removal" from and non-selection to the position as Chief of Social Work, plaintiff tacitly acknowledges that these decisions were made as the result of a CCHCS reorganization. Complaint at ¶ 21. It is undisputed that the first reorganization occurred in 2001. Declaration of Alan Perry ("Perry Decl.") at 3. It is unclear whether plaintiff intends to bring a

Defendant's Motion to Dismiss or For Order
Changing Venue To the Eastern District of CA
C 07-4893 JSW                                3

claim based upon this reorganization. If so, any such claim likely is untimely. *See* Declaration of Abraham A. Simmons ("Simmons Decl.") at ¶ 2, Exh. 1. In any event, it is undisputed that the 2001 reorganization was handled in Fresno, California by Alan Perry. Mr. Perry is a Fresno resident and made all the decisions regarding the reorganization in Fresno. Perry Decl. at ¶¶ 4-7.

Plaintiff alleges that as a result of the 2004 reorganization, her staff was reassigned and her hiring authority was curtailed. Complaint at ¶ 21. Plaintiff further alleges a number of additional selections were improperly based on race or color. Complaint at ¶ 31. Defendant categorically denies that plaintiff's allegations describes facts that actually occurred. Nevertheless, to the extent that plaintiff suggests that the reorganization resulted in any adverse consequence to her, all activity was directed by the CCHCS leadership in Fresno. *See* Declaration of William Cahill ("Cahill Decl.") at ¶ 2. William Cahill was the selecting official for the Chief of the Social Work Service in 2004. Cahill Decl. at ¶1. The interviews, consideration of candidates and the ultimate selection decision took place in Fresno at the VA facility there. Cahill Decl. at ¶ 2. Plaintiff's allegations that she was not permitted to regain her supervisory status (Complaint at ¶¶ 23-26), and that she later was retaliated against by Mr. Perry (*see* Complaint at ¶¶27-41) likewise involve her employment in Fresno while Mr. Perry was her supervisor. *See* Perry Decl. at ¶¶ 4-7.

Plaintiff also alleges she was treated improperly by Dr. Carolyn Hughes. Plaintiff alleges she was given a reassignment in February 5, 2005 pursuant to which she reported to Dr. Carolyn Hughes. Complaint at ¶ 33. Plaintiff alleges that thereafter her Fresno office was destroyed (Complaint at ¶ 34), that Hughes provided her with an improper Performance Assistance Plan (Complaint at ¶¶ 37, 51);[2] that Hughes denied plaintiff advanced sick leave (Complaint at ¶ 38) and that Hughes improperly denied plaintiff a within-grade pay increase. *See* Complaint at ¶ 37. Plaintiff asserts that these acts amounted to a constructive discharge on October 25, 2007. *See* Complaint at ¶ 39. Dr. Carolyn Hughes also is a Clovis resident. Declaration of Carolyn Hughes

---

[2] Plaintiff uses the terms Performance Improvement Plan and Performance Assistance Plan interchangeably. The terms, however, are not synonymous.

Defendant's Motion to Dismiss or For Order
Changing Venue To the Eastern District of CA
C 07-4893 JSW                                    4

("Hughes Decl.") at ¶ 2. It is undisputed that Dr. Hughes worked in Fresno and supervised plaintiff when both Hughes' and plaintiff's duty stations were in Fresno. See Hughes Decl. ¶ 3.

Finally, plaintiff alleges the VA threatened to deduct additional money from retirement pay. Complaint at ¶ 40. Plaintiff provides no facts underlying this claim. Defendant is unaware of any record establishing plaintiff's attempts, if any, to administratively exhaust this claim.

All of the records involving these alleged events are maintained in Fresno, California. Declaration of Daphine T. Cuyler ("Cuyler Decl.") at ¶ 4. In addition, plaintiff has filed an administrative claim as a prerequisite to filing this lawsuit. While the administrative record makes clear that some of the claims alleged in the Complaint must be dismissed for failure to exhaust administrative remedies and failure to state a claim, the administrative record also makes clear that the witnesses relevant to this matter are in Fresno. *See* Simmons Decl. ¶ 3, Exh. 2.

### III.  ANALYSIS

A.  This Court Should Dismiss The Complaint On The Ground That It Was Filed In the Wrong Judicial District.

   1.  The Legal Standard

Plaintiff has the burden of proving she filed this action in the proper venue. *Piedmont Label Co. v. Sun Garden Packing Co.,* 598 F.2d 491, 496 (9th Cir.1979). Rule 12 provides that the court may dismiss a complaint for lack of proper venue. Fed.R.Civ.P. 12(b)(3). The transfer provisions of general applicability provide that where venue is improper, a district court must either dismiss the case or transfer it "in the interests of justice" to an appropriate jurisdiction. *See* Fed. R. Civ. Pro. 12(b)(3); 28 U.S.C. § 1406(a). Where venue is proper, a court may transfer any civil action to another jurisdiction where it may have been brought "for the convenience of parties and witnesses, in the interests of justice." 28 U.S.C. § 1404(a). *See Van Dusen v. Barrack,* 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964).

As noted above, the complaint baldly asserts that "[m]any of the unlawful practices alleged in this complaint occurred in the County of San Francisco, which is situated in the Northern District of California." Complaint at ¶ 3. Plaintiff is wrong. Moreover, in considering a

Defendant's Motion to Dismiss or For Order
Changing Venue To the Eastern District of CA
C 07-4893 JSW                                                5

motion to dismiss under Rule 12(b)(3), the pleadings are not accepted as true and facts outside the pleadings may be considered by the district court. *Argueta v. Banco Mexicano,* 87 F.3d 320, 324 (9th Cir.1996).

2.   <u>Plaintiff cannot show that venue in the Northern District of California is proper.</u>

In this case, whether plaintiff can demonstrate she filed this case in a proper venue turns upon the proper interpretation of the special venue statute applicable to federal employment discrimination cases. Federal venue is governed entirely by statute. *See Leroy v. Great Western United Corp*, 443 U.S. 173, 181 (1979). Special venue rules govern certain federal causes of action, including claims brought under Title VII of the Civil Rights Act of 1964. *Caffman-Whitehead v. Dalton L,* 1999 WL 129518, *1 -2 (N.D.Cal. 1999). Specifically, actions arising under Title VII are subject to the special venue provision in 42 U.S.C. section 2000e-5(f)(3). *See* 42 U.S.C. § 2000e-16(d) (providing that "the provisions of section 2000e-5(f) through (k) of this title, as applicable, shall govern" employment discrimination actions).

42 U.S.C.A. § 2000e-5(f)(3) provides as follows:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

The proper interpretation of this venue provision requires a conclusion that the only proper venue in this case is the Eastern District of California. In interpreting this provision, the Ninth Circuit has stated that its effect is to "limit venue to the judicial district concerned with the alleged discrimination." *See Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 504 (9th Cir. 2000) quoting *Stebbins v. State Farm Mutual Auto Ins. Co.*, 413 F.2d

Defendant's Motion to Dismiss or For Order
Changing Venue To the Eastern District of CA
C 07-4893 JSW                                                 6

1100, 1102 (D.C.Cir.1969); *Ford v. Valmac Industries, Inc.*, 494 F.2d 330, 332 (10th Cir.1974). Congress therefore sought to allow suit in the judicial district in which the plaintiff worked or would have worked but for the alleged discrimination. *Passantino,* 212 F.3d at 504. Thus, where venue is at issue in Title VII cases, "[t]he venue provisions of Section [2000e-5(f)(3)] are the sole and exclusive venue provisions and cannot be supplemented by the general venue provisions of 28 U.S.C. 1391." *United States v. Trucking Mgmt. Inc., et al.,* 1979 WL 278, *11 (D.D.C. 1979). The special venue provision governs all employment discrimination actions brought under Title VII. *See Johnson v. Payless Drug Stores Northwest, Inc.,* 950 F.2d 586 (9th Cir. 1991).

This Court has consistently interpreted section 2000e-5(f)(3) as permitting venue "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, ***in the judicial district in which the employment practice is alleged to have been committed*** . . . ." *Caffman-Whitehead,* 1999 WL 129518 at*2; *see also*, *Thomas v. Antelope Valley Union High School Dist.*, 2007 WL 2317847, *2 (N.D.Cal. 2007) (finding the only proper district is Central District where all facts took place in Lancaster, California); *Marron v. Rumsfeld,* 2004 WL 1376522 (finding the only appropriate district for filing suit was the Eastern District of Virginia) (N.D. Cal. 2004); *Alander v. State Dept. Of Corrections*, 1995 WL 44604, *1 (N.D.Cal. 1995) (finding venue improper in the Northern District and transferring case to Eastern District where plaintiff was employed in Vacaville, California); *but see*, *Ross v. Buckeye Cellulose Corp.,* 980 F.2d 648, 654, fn. 11 (11th Cir. 1993) (concluding that section 2000e-5(f)(3) permits venue in any judicial district within a state if venue is permitted in any district within that state); *Caviness v. England* 2007 WL 1302522, *3 (E.D.Cal. 2007) (same).

Here, the Eastern District of California is the only appropriate venue under all three tests under section 2000e-5(f)(3).³ First, the jurisdiction where the unlawful employment practice is

---

³ As noted above, 42 U.S.C. section 2000e-5(f)(3) also provides that "if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office." *Id.* In this case, the Department of Veteran's Affairs clearly can be found in Fresno. Accordingly, this provision is inapplicable. In any event, the defendant's principal office is in Washington, D.C. and does not provide a basis for venue in the Northern District of California.

Defendant's Motion to Dismiss or For Order
Changing Venue To the Eastern District of CA
C 07-4893 JSW                                        7

1  alleged to have been committed is the Eastern District of California.  Plaintiff, Arrolene C.
2  Burrell was employed by the Department of Veterans Affairs in Fresno, California.  Fresno is in
3  the Eastern District of California.  The entire litany of allegations in the Complaint all occurred
4  in Fresno.  Specifically, plaintiff complains that she (1) was removed from her position of Chief
5  of Social Work, (2) was not selected for the position of Chief of Social Work by her supervisor,
6  (3) was down-graded in her performance ratings, (4) was placed on a performance improvement
7  plan, (5) was denied a within grade increase, (6) was denied medical leave and vacation pay that
8  was accrued and (7) was threatened with a deduction of funds from her retirement pay.
9  Complaint at ¶ 51.  Each of these alleged acts, if they had occurred, would have occurred in
10 Fresno. *See* Cahill Decl. at ¶ 3; Perry Decl. at ¶¶ 3-7; Hughes Decl. at 4-7.  As noted in the
11 declaration of Mr. Perry, "during the entire time" that he was Ms. Burrell's supervisor, all
12 activity related to his supervision of Ms. Burrell took place in Fresno, California. Perry Decl. at
13 ¶ 2.
14      Second, the employment records relevant to the alleged illegal acts are in Fresno. The
15 relevant records in the VA's custody or control related to this lawsuit are maintained in Fresno,
16 California.   Perry Decl. at ¶ 4; Cuyler Decl. at  ¶ 3.
17      Third, the place where plaintiff would have worked had she been selected is Fresno.  As
18 noted in the declaration of Mr. Perry, had Ms. Burrell chosen not to retire when she did and if she
19 continued to work for the Department of Veterans Affairs, her duty station would have been in
20 Fresno, California. Perry Decl. at ¶ 6.
21      For all these reasons, the only proper venue for this case is the Eastern District of
22 California.
23      3.      <u>Dismissal, and not transfer, is appropriate under 28 U.S.C. § 1406(a)</u>
24      "The district court of a district in which is filed a case laying venue in the wrong division
25 or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or
26 division in which it could have been brought." 28 U.S.C. § 1406(a).  Where an action is brought
27 in an improper venue, "the decision of whether to dismiss or transfer lies within the sound
28

Defendant's Motion to Dismiss or For Order
Changing Venue To the Eastern District of CA
C 07-4893 JSW                                    8

discretion of the district court." *Pierce v. Shorty Small's of Branson, Inc.*, 137 F.3d 1190, 1191 (10th Cir.1998).

Absent a showing by plaintiff that this case should be transferred "in the interest of justice," this Court should simply dismiss the case without prejudice.

B. **Even If This Court Finds Plaintiff Could Have Brought This Case In The Northern District, This Court Still Should Transfer This Case To The Eastern District Of California For The Convenience Of The Parties And The Witnesses.**

1. <u>The Legal Standard.</u>

28 U.S.C. § 1404(a) provides:

> For the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

In order for a district court to transfer an action under section 1404, the court must make the following two findings: (1) that the transferee court is one where the action "might have been brought," and (2) that the convenience of the parties and witnesses and the interest of justice favor transfer. *Hatch v. Reliance Ins. Co.,* 758 F.2d 409, 414 (9th Cir.1985). Once the Court determines the case "might have been brought" in the target venue, the moving party must demonstrate transfer is appropriate. The Court considers the following factors: (1) plaintiff's choice of forum; (2) convenience of the parties; (3) convenience of the witnesses; (4) access to compulsory process of third party witnesses; (5) ease of access to sources of proof; (6) local interest in the controversy; (7) familiarity of each forum with the applicable law; and (8) relative court congestion in each forum. *Gulf Oil Co. v. Gilbert,* 330 U.S. 501, 508-09 (1947); *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir.1986).

As described below, five of these factors weight heavily in favor of transfer while the remaining three factors are essentially neutral and do not strongly inure to the favor of either party.

Defendant's Motion to Dismiss or For Order
Changing Venue To the Eastern District of CA
C 07-4893 JSW                                    9

2. Transfer To The Eastern District Of California (If Venue In The Northern District Is Otherwise Proper) Is Both Permitted And Warranted For The Convenience Of The Parties

   a. Plaintiff's choice of forum

"[A]mple case law supports the basic proposition that the statute does not prohibit transfers away from a plaintiff's chosen forum." *Ellis v. Costco Wholesale Corp.*, 372 F.Supp.2d 530, 537 (N.D.Cal. 2005), citing *Ross,* 980 F.2d at 654, n. 13 (holding that Title VII is subject to the transfer provisions of section 1404(a)); *In re Horseshoe Entertainment,* 337 F.3d 429, 433 (5th Cir.2003) (applying section 1404(a) to a Title VII action); *Dean v. Handysoft Corp.,* 2005 WL 362662, *3 (E.D.Pa. 2005) (same); *Harrison v. Int'l. Ass'n. of Machinists and Aerospace Workers,* 807 F.Supp. 1513, 1516-17 (D.Or.1992) (same). Although a plaintiff's choice of forum is given some deference, it is by no means absolute. *E. I. DuPont de Nemours v. Diamond Shamrock Corp.*, 522 F.Supp. 588, 592 (D.Del. 1981). As the *E.I. DuPont* court recognized, "The preference for honoring a plaintiff's choice of forum is simply that, a preference, it is not a right." *Id.* The determination whether to transfer venue is directed to the Court's sound discretion and requires an individualized case-by-case consideration of convenience and fairness. *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964).

Although claims arising under Title VII of the Civil Rights Act of 1964 in general afford greater deference to the plaintiff's choice of forum, *see Ellis,* 372 F.Supp.2d at 537 (N.D.Cal. 2005), a plaintiff's choice of forum is afforded less deference when the facts giving rise to the action have little connection to the forum of original selection. *Pacific Car and Foundry Co. v. Pence,* 403 F.2d 949, 954 (9th Cir.1968) ("If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration." (footnote omitted)).

In this case, there is no link between the alleged acts and the Northern District. This factor should not weigh heavily in the analysis.

Defendant's Motion to Dismiss or For Order
Changing Venue To the Eastern District of CA
C 07-4893 JSW                                    10

b.     Convenience of the parties

Both "parties" in this case reside in Fresno. As is typical in federal employment discrimination cases, for purposes of this case plaintiff's supervisors who, according to the complaint, are accused of the wrongdoing should be considered the "defendants" in this case. The fiction of naming the head of the agency does not take away from the fact that plaintiff is accusing her supervisors in Fresno of numerous illegal acts. Accordingly, the supervisors should be considered a party for venue purposes.

For this reason, the convenience of the parties favors transfer of this case to Fresno.

c.     Convenience of the witnesses

Here, the witnesses reside in the Eastern District of California. Plaintiff can identify no key witness who resides in the Northern District of California. Review of the administrative proceedings in this case make clear that the convenience of witnesses would favor litigation of this case where virtually all of them live and work: Fresno, California. This factor weighs heavily in favor of transfer to the Eastern District of California.

d.     Access to compulsory process of third party witnesses

Third-party witnesses likely to be called in this case reasonably can be categorized in two groups: government employees and non-government employees. The government acknowledges that with considerable inconvenience and expense, current employees may be compelled to appear to in any California jurisdiction. Nevertheless, plaintiff is likely to name as witnesses (particularly with respect to damages) person who currently are not Veteran's Affairs employees who live and work in the Eastern District. *See* Simmons Decl., Exh. 2. For this reason, access to compulsory process of third party witnesses weighs in favor of transfer of this case to the Eastern District of California.

e.     Ease of access to sources of proof.

As noted above, the administrative and employment files relevant to this case are maintained in Fresno, California. This factor weighs heavily in favor of transfer of this case to the Eastern District of California.

Defendant's Motion to Dismiss or For Order
Changing Venue To the Eastern District of CA
C 07-4893 JSW                                         11

      f.      Local interest in the controversy.

As a general rule, the preferred forum for litigating cases is that which is the center of the accused activity. *S. C. Johnson & Son v. Gillette Co.*, 571 F.Supp. 1185, 1187-88 (N.D. Ill. 1983); *AMP Incorporated v. Burndy of Midwest, Inc.*, 340 F.Supp. 21,24 (N.D. Ill. 1971). The trier of fact ought to be as close as possible to the milieu of the hub of activity centered around the alleged wrongdoing. *S. C. Johnson*, 571 F.Supp. at 1188; *AMP Inc.,* 340 F.Supp. at 25.

Here, the activity in this case occurred in Fresno. Moreover, plaintiff has requested injunctive relief the effect of which, if granted, would be felt most significantly in the Eastern District of California. Here again, this factor weighs heavily in favor of transfer of this case to the Eastern District of California.

      g.      Familiarity of each forum with the applicable law.

Both the Northern District and the Eastern District of California will apply the same law in this case. Both presumably are equally familiar with the applicable law. This factor does not weigh in favor of transfer or keeping the case in the Northern District of California.

      h.      Relative court congestion in each forum.

Relevant evidence regarding the congestion in district courts may be extracted from public websites that publish statistics. *See, e.g.*, *Gelber v. Leonard Wood Memorial For Eradication of Leprosy,* 2007 WL 1795746, *5 (N.D.Cal. 2007). Statistics dealing with the time from filing a complaint to the time of disposition in the various federal district courts can be found on the following address: http://www.uscourts.gov/caseload2007/tables/C05Mar07.pdf.[4]

---

[4] The website address for U.S. Courts statistics regarding caseloads in the various districts is http://www.uscourts.gov/caseloadstatistics.html. From this page, one may choose to access statistics for the U.S. Courts for the past seven years. Accessing the tables for 2007 will direct the search to http://www.uscourts.gov/caseload2007/contents.html. This address provides a number of tables regarding the relative congestion of the district courts in the twelve-month period ending March 31, 2007. Choosing table C-5 provides access to http://www.uscourts.gov/caseload2007/tables/C05Mar07.pdf , a table setting out the statistics identified above.

Defendant's Motion to Dismiss or For Order
Changing Venue To the Eastern District of CA
C 07-4893 JSW                        12

According to the statistics on the U.S. Courts website , the time for processing a case in the Northern District of California in the twelve-month period ending March 2007 is comparable to that of the Eastern District of California. For example, the median time for disposition of all cases in the Northern District of California was 6.1 months while the median time for disposition of all cases in the Eastern District was 9.5 months. The three month differential simply is not significant enough to establish a preference for the Northern District of California. Here again, the factor– difference of time in disposition– does not outweigh the fact that all the witnesses and evidence are located in the Eastern District.

### IV. CONCLUSION

This case should be dismissed. The special venue statute for discrimination cases establishes that venue is proper in Fresno, where plaintiff was employed, where the alleged discriminatory acts occurred and where the relevant employment records are maintained. Alternatively, this case should be transferred to the Eastern District for the convenience of the parties, for the convenience of the witnesses and in the interests of justice.

Respectfully submitted,
SCOTT N. SCHOOLS
United States Attorney

Dated: December 17, 2007

/s/
ABRAHAM A. SIMMONS
Assistant United States Attorney

Defendant's Motion to Dismiss or For Order
Changing Venue To the Eastern District of CA
C 07-4893 JSW                           13