SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
ABRAHAM A. SIMMONS (SBN 146400)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, California 94102-3495
    Telephone:  (415) 436-7264
    Facsimile:   (415) 436-6748
    Email:      abraham.simmons@usdoj.gov

Of Counsel

DONALD C. PHILIPS (SBN 129726)
United States Department of Veterans Affairs

Attorneys for Defendant R. James Nicholson,
Secretary of the United States Department of
Veterans Affairs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| ARROLENE C. BURRELL, | ) | No. C 07-4893 JSW |
| | ) | |
| Plaintiff, | ) | [PROPOSED] ORDER GRANTING |
| | ) | DEFENDANT MOTION TO DISMISS |
| v. | ) | FOR LACK OF VENUE |
| | ) | |
| R. JAMES NICHOLSON, Secretary of the | ) | |
| Department of Veteran Affairs, | ) | |
| | ) | |
| Defendant. | ) | |

     This matter came on for hearing on February 8, 2008, on Defendants' Motion to Dismiss For Lack Of Venue [Docket No. 9]. Plaintiff, Arrolene C. Burrell, was represented by Mary Dryovage. The United States was represented by Assistant United States Attorney Abraham A. Simmons. Having read and considered the papers and heard the argument submitted by the parties and being fully informed, the court hereby GRANTS Defendants' Motion to Dismiss for the following reasons.

This is an employment discrimination case brought pursuant to Title VII of the Civil Rights Act of 1964. In this case, plaintiff is a resident of Clovis, California and a former employee of the United States Department of Veterans Affairs in the Central California Healthcare System ("CCHCS") located in Fresno, California. She alleges that when she was working in Fresno, her supervisor who also is a resident of Fresno, California working in Fresno did not select her for a promotion and/or other position. The position plaintiff sought was in Fresno. Plaintiff further claims that she was demoted to other jobs in Fresno, that she encountered a hostile work environment in Fresno and that she ultimately was forced to retire from her Fresno, California employment. Plaintiff alleges that each of these events occurred as a result either of illegal race/color discrimination in violation of Title VII or in violation of the of the anti-retaliation provisions applying to Title VII claims. Defendant denies that these events occurred and that plaintiff has properly exhausted each of her claims. Defendant also has moved the Court pursuant to Fed.R.Civ.P. 12(b) for an order dismissing the complaint in its entirety and without prejudice, for lack of venue.

Federal venue is governed entirely by statute. *See Leroy v. Great Western United Corp*, 443 U.S. 173, 181 (1979). Special venue rules govern certain federal causes of action, including claims brought under Title VII of the Civil Rights Act of 1964. *Caffman-Whitehead v. Dalton L,* 1999 WL 129518, *1 -2 (N.D.Cal. 1999). Specifically, actions arising under Title VII are subject to the special venue provision in 42 U.S.C. section 2000e-5(f)(3). *See* 42 U.S.C. § 2000e-16(d) (providing that "the provisions of section 2000e-5(f) through (k) of this title, as applicable, shall govern" employment discrimination actions).

42 U.S.C.A. § 2000e-5(f)(3) provides as follows:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such action

[Proposed] Order Granting
Defendant's Motion to Dismiss
C 07-4893 JSW                        2

1
2
3

may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

This special venue provision governs all employment discrimination actions brought under Title VII. *See Johnson v. Payless Drug Stores Northwest, Inc.,* 950 F.2d 586 (9th Cir. 1991). This Court has consistently interpreted section 2000e-5(f)(3) as permitting venue "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, ***in the judicial district in which the employment practice is alleged to have been committed*** . . .." *Caffman-Whitehead,* 1999 WL 129518 at*2; *see also*, *Thomas v. Antelope Valley Union High School Dist.*, 2007 WL 2317847, *2 (N.D.Cal. 2007) (finding the only proper district is Central District where all facts took place in Lancaster, California); *Marron v. Rumsfeld,* 2004 WL 1376522 (finding the only appropriate district for filing suit was the Eastern District of Virginia) (N.D. Cal. 2004); *Alander v. State Dept. Of Corrections*, 1995 WL 44604, *1 (N.D.Cal. 1995) (finding venue improper in the Northern District and transferring case to Eastern District where plaintiff was employed in Vacaville, California); *but see*, *Ross v. Buckeye Cellulose Corp.,* 980 F.2d 648, 654, fn. 11 (11th Cir. 1993) (concluding that section 2000e-5(f)(3) permits venue in any judicial district within a state if venue is permitted in any district within that state); *Caviness v. England* 2007 WL 1302522, *3 (E.D.Cal. 2007) (same).

Here, consideration of all three tests under section 2000e-5(f)(3) lead to a conclusion that the Eastern District of California is the only appropriate venue for this case. Applying the first test, it is undisputed that plaintiff was employed by the Department of Veterans Affairs in Fresno, California which is in the Eastern District of California. The entire litany of allegations in the Complaint all occurred in Fresno. Specifically, plaintiff complains that she (1) was removed from her position of Chief of Social Work, (2) was not selected for the position of Chief of Social Work by her supervisor, (3) was down-graded in her performance ratings, (4) was placed on a performance improvement plan, (5) was denied a within grade increase, (6) was denied medical leave and vacation pay that was accrued and (7) was threatened with a deduction

[Proposed] Order Granting
Defendant's Motion to Dismiss
C 07-4893 JSW                                3

of funds from her retirement pay. Complaint at ¶ 51. Each of these alleged acts, if they occurred, would have occurred in Fresno. *See* Declaration of William Cahill [Docket No. 17] at ¶ 3; Declaration of Alan S. Perry [Docket No. 12] at ¶¶ 3-7; Declaration of Dr. Carolyn Hughes [Docket No. 11] at ¶¶4-7. Applying the second test under section 2000e-5(f)(3), the employment records relevant to the alleged illegal acts are in Fresno. The relevant records in the VA's custody or control related to this lawsuit are maintained in Fresno, California. Perry Decl. at ¶ 4; Declaration of Daphne T. Cuyler [Docket No. 10] at ¶ 3. Applying the third test under section 2000e-5(f)(3), the place where plaintiff would have worked had she been selected is Fresno. Perry Decl. at ¶ 6. Plaintiff's unsupported allegations that activities occurred in the Northern District of California are not entitled to any weight. *Argueta v. Banco Mexicano,* 87 F.3d 320, 324 (9th Cir.1996).

For all these reasons, the only proper venue for this case is the Eastern District of California and venue is not proper in the Northern District of California.[1]

The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought. 28 U.S.C. § 1406(a). Where an action is brought in an improper venue, "the decision of whether to dismiss or transfer lies within the sound discretion of the district court." *Pierce v. Shorty Small's of Branson, Inc.*, 137 F.3d 1190, 1191 (10th Cir.1998). Plaintiff has provided no justification for transfer rather than dismissal of this case. Accordingly, **IT IS HEREBY ORDERED THAT** the Defendant's Motion To Dismiss is

/ / /

/ / /

---

[1] As noted above, 42 U.S.C. section 2000e-5(f)(3) also provides that "if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office." *Id.* In this case, the Department of Veteran's Affairs clearly can be found in Fresno. Accordingly, this provision is inapplicable. In any event, the defendant's principal office is in Washington, D.C. and does not provide a basis for venue in the Northern District of California.

[Proposed] Order Granting
Defendant's Motion to Dismiss
C 07-4893 JSW                                4

1  **GRANTED**.  The complaint is **DISMISSED WITHOUT PREJUDICE**.  Plaintiff may refile this case in the Eastern District of California if she chooses to do so.

**IT IS SO ORDERED.**

Dated: _____         _____
                                       JEFFREY S. WHITE
                                       United States District Judge

[Proposed] Order Granting
Defendant's Motion to Dismiss
C 07-4893 JSW                          5